WLTER M. ELSWXCE, Judge.
These two claimants, J. R. Gibson and Roma Gibson, were injured while walking across a suspended bridge spanning Elk river, at Glendon, in Braxton county, West Virginia, known as Glendon bridge. It was stipulated and agreed by and between claimants, by counsel, and the state road commission, by Eston B. Stephenson, a special assistant to the attorney general for the state, that the evidence on the two claims should be heard together; that the bridge known as Glendon bridge which collapsed and fell injuring claimants is, and was, maintained by the state road commission at the time claimants were injured, to-wit, on the 2nd day of May 1941; that the state road commission was negligent in not keeping said bridge in a safe condition; that the said injuries were sustained by the falling of said bridge; that said bridge was maintained for use by the public and that claimants had a right to assume said bridge was safe for travel; and it was further admitted by counsel for the state that claimants were not negligent by traveling thereon to cross Elk river in the ordinary course of their business; and it was further so stipulated and agreed that claimants were told by employees of the state road commission, who were then working on and repairing said bridge, that it was safe, before claimants entered thereon. Mr. George I. Simons, a special investigator for the state road commission, from his investigation of the facts pertaining to the cause of the injuries, concurred in said stipulations.
*228 Claimants then upon the date fixed for hearing of the two claims produced evidence by witnesses to show the extent of injuries sustained by each claimant and other evidence to assist the court in arriving at the amount of damages recoverable in each case, and the state road commission produced evidence by witnesses to likewise assist the court in arriving at the amount of damages recoverable in each case. Evidence adduced on the part of the claimants further corroborated the facts set forth in the stipulations.
From the evidence adduced it appears that J. R. Gibson is now seventy-six years of age; that he and Roma Gibson fell with the bridge a distance of from 17% feet to 25 feet landing on the river bank (record pp. 9, 53, 91); that by said fall he sustained a sprained ankle by reason of which he lost, at the most, about two months work on the farm; that the injury was painful and had to be treated by rest and hot foments, and elevation of the injured member; that he also suffered some discomfort in his back by reason of his fall. It further appears that he resinned his usual work on his farm, as a man of his age would customarily do, after said two month period; that he did not sustain any permanent injury; that he incurred a bill for medical and x-ray treatment amounting to $10.00. We are of the opinion and do award to J. R. Gibson the sum of one hundred dollars ($100.00), as a fair and just compensation for his injuries from all the circumstances in the case.
From the evidence it appears that Roma Gibson is a married man forty-one years of age, and is the father of three children, the eldest child being eleven years of age; that he sustained a puncture wound of the right thigh on the posterior aspect of the thigh and on the upper one-third of the thigh; that it was a wound about six to eight inches in length and about two to three inches in diameter, more oblong in appearance externally, but ragged, and extended upward under the skin penetrating the subcutaneous tissue, the fat, and the edge of the gluteus maximus muscle (record p. 42); that his wound was caused by falling on a small stump or snag where a bush about two inches in diameter had been cut (record p. 84); that he was pinned to *229 this snag and had to be pushed up off of the same (record pp. 53 to 55); that he was confined in a hospital at Sutton, West Virginia, from May 2, 1941 until May 13, 1941 and incurred medical and hospital bills aggregating $59.50; that antiseptic solutions were applied, drain tubes inserted and. tetanus antitoxin given, as well as sedative drugs administered for pain while he was confined in the hospital; that he was treated at intervals of about ten days after leaving the hospital until the 15th of June 1941, and had to travel a distance of about thirty-two miles each way to go to the hospital; that he was not able to do work until August 8,1941 and did begin work on that day at Akron, Ohio, but quit work on September 15, 1941 for the reason that his leg tired from standing at his work, his statement being corroborated by a state’s witness that he was complaining of pain after he returned home (record pp. 61, 78 and 103); that he still complains of his leg becoming tired during work hours which is caused as stated by Dr. Eckle, his attending physician: “Probably some scar tissue formation as a result of the injury and the contracture of the scar pulling against some other neighboring structure” (record p. 48), the permanent effect, as further stated by Dr. Eckle would be some atrophy in the particular location of the injury; that while the defense undertook to base the earning power of Roma Gibson solely on that of a farm laborer, by reason of the fact he had resided and worked on his farm during the two years next preceding the injury, it appeared from the evidence that he had earned as much as ninety cents per hour at the Goodrich Rubber Company, at Akron, Ohio, in 1939.
It further appears from the evidence that Roma Gibson sustained a painful injury and that the same has caused him.a loss of time of from four to eight months and that the effects of said injury such as atrophy of the affected parts will by all probability tend to reduce his earning power in the future.
From all the evidence in the case we are of the opinion that a fair and just compensation to him for his injuries would be the sum of one thousand dollars ($1000.00) and an order will be entered making an award accordingly.